# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KYLE A. ROBERTS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:15-cv-00619-NCC |
| LEON MILLER and GEORGE A. LOMBARDI, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for the Appointment of Counsel (Doc. 53). This is Plaintiff's second such request (Doc. 43). In the current motion, Plaintiff asserts that (1) he has not the time nor a full understanding of the points of law to pursue his rights and hold the defendants accountable; (2) his mental disability prevents him from coherently pursuing his claim; and (3) he cannot afford an attorney (Doc. 53 at 1). For the following reasons, Petitioner's motion will be denied without prejudice.

The appointment of counsel for an indigent *pro se* Plaintiff lies within the discretion of the Court, since there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Once Plaintiff alleges a prima facie claim, the Court must determine Plaintiff's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both Plaintiff and the Court would benefit from the assistance of counsel. *Edwards v. Dwyer*, 2008 WL 222511 at *1 (E.D. Mo. Jan.

25, 2008) (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id. See also Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992); *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

After reviewing Plaintiff's Amended Complaint (Doc. 24), the Court does not believe that either the factual or legal issues are complex. Moreover, it appears to the Court that Plaintiff is clearly capable of articulating and presenting his claims. In fact, Plaintiff's Motion for Appointment of Counsel and letter in support are coherent and direct. For these reasons, the Court finds that appointment of counsel is not mandated at this time, and Plaintiff's motion should be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for the Appointment of Counsel (Doc. 53) is **DENIED** without prejudice.

Dated this 19th day of April, 2016.

    /s// Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE