# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KYLE A. ROBERTS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:15-cv-00619-NCC |
| LEON MILLER and GEORGE A. LOMBARDI, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Summary Judgment submitted by Defendants George A. Lombardi and Leon Miller ("Defendants") (Doc. No. 60). Plaintiff has not responded and the time for doing so has expired.[1] Accordingly, the Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) (Doc. No. 15). For the following reasons, Defendants' Motion for Summary Judgment will be **GRANTED** and this case will be **DISMISSED with prejudice.**

On April 13, 2015, *pro se* Plaintiff Kyle A. Roberts ("Roberts"), a former inmate at Potosi Correctional Center ("PCC"),[2] filed this action pursuant to 42 U.S.C. § 1983 alleging that the Defendants violated his First Amendment rights by failing to provide him with access to

---

[1] Defendants filed their Motions for Summary Judgement on June 14, 2016. Roberts' response was due on or before June 14, 2016. *See* Local Rule 4.01. On July 14, 2016, the Court entered a show cause order, granting Roberts until July 29, 2016, to respond to Defendants' pending Motion for Summary Judgment. In the Order, Roberts was warned that failure to respond would result in the Court ruling on Defendants' unopposed motion.

[2] PCC is a Missouri Department of Corrections ("MDOC") facility located in Washington County, Missouri.

Odinist literature (Doc. No. 1 at 4). Specifically, Roberts argues that inmates at PCC had free access to books for other religions, but none were available to him concerning his Odinist religion (Doc. No. 61-1 at 11, 14). Roberts seeks injunctive relief and compensation for "[his] time and effort" if this matter were to proceed to trial (Doc. No. 24 at 5). Defendant Leon Miller, the Chaplain at PCC, and George Lombardi, the director of the MDOC, now move for Summary Judgment (Doc. No. 62 at 1). In support of their Motion, Defendants filed Roberts' deposition transcript (Doc. No. 61-1) and a Statement of Uncontroverted Material Facts (Doc. No. 62).

Summary judgment is proper when a plaintiff's claims are moot. *See Hechenberger v. W. Elec. Co.,* 742 F.2d 453, 455 (8th Cir. 1984). "[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citing *Wycoff v. Brewer,* 572 F.2d 1260, 1262 (8th Cir. 1978)). In this case, Roberts requests injunctive relief "to help [him] obtain [his] religious right[s]," specifically, access to Odinist literature (Doc. No. 24 at 5). However, Roberts is no longer incarcerated at PCC or in MDOC custody (Doc. No. 61-1 at 51-52). Indeed, Roberts notified the Court on October 26, 2015, that his address had changed from PCC to a residential location (Doc. No. 43). Roberts also admits that the relief he requested is "no longer possible" (Doc. No. 61-1 at 51). Thus, his claim for injunctive relief is moot. Further, in light of the Court's decision that Roberts' claim for injunctive relief is moot, Roberts is not entitled to any litigation costs, much less any costs as a result of going to trial, as he is not a "prevailing party." *See Farrar v. Hobby*, 506 U.S. 103, 109 (1992).

Accordingly, **IT IS HEREBY ORDERED** that Defendants George A. Lombardi's and Leon Miller's Motion for Summary Judgment (Doc. No. 60) is **GRANTED**.

A Judgment shall accompany this Memorandum and Order.

Dated this 22nd day of December, 2016.

                                              /s/ Noelle C. Collins
                                              NOELLE C. COLLINS
                                              UNITED STATES MAGISTRATE JUDGE